## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

UNITED STATES OF AMERICA,

v.

MICHAEL MADIGAN and
MICHAEL McCLAIN

Case No. 22 CR 115

Judge John Robert Blakey

## **<u>FINAL JURY INSTRUCTIONS</u>**

1

PRELIMINARY GENERAL INSTRUCTIONS

COURT'S INSTRUCTION 1

**Functions of the Court and Jury**

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. Each of you will have a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job. Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved each of the defendants guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

COURT'S INSTRUCTION 2

**The Charges**

The charges against the defendants are in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges defendants Michael Madigan and Michael McClain with racketeering conspiracy; conspiracy to commit an offense against the United States; federal program bribery; wire fraud; and use of an interstate facility in aid of racketeering activity. Defendant Madigan is also charged with attempted extortion.

The defendants have pled not guilty to the charges. The indictment is simply the formal way of telling the defendants what crimes they are accused of committing. It is not evidence that the defendants are guilty. It does not even raise a suspicion of guilt.

COURT'S INSTRUCTION 3

**Presumption of Innocence/Burden of Proof**

Each defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the particular defendant you are considering is guilty as charged.

The government has the burden of proving each defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

A defendant is never required to prove his innocence. He is not required to produce any evidence at all.

COURT'S INSTRUCTION 4

**The Evidence**

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he or she thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

COURT'S INSTRUCTION 5

**Considering the Evidence**

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence. You may not speculate or rely on suspicion.

COURT'S INSTRUCTION 6

**Direct and Circumstantial Evidence**

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

COURT'S INSTRUCTION 7

**Number of Witnesses**

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

COURT'S INSTRUCTION 8

**Defendant's Decision Not to Testify**

A defendant has an absolute right not to testify. You may not consider in any way the fact that a defendant did not testify. You should not even discuss it in your deliberations.

COURT'S INSTRUCTION 9

**Credibility of Witnesses**

Part of your job as jurors is to decide how believable each witness was and how much weight to give each witness' testimony, including that of a defendant.

You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- The age of the witness;
- The intelligence of the witness;
- The witness' ability and opportunity to see, hear, or know the things the witness testified about;
- The witness' memory;
- The witness' demeanor;
- Whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;
- The truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and
- Inconsistent or consistent statements or conduct by the witness.

COURT'S INSTRUCTION 10

**Attorney Interviewing Witnesses**

It is proper for an attorney to interview any witness in preparation for trial.

COURT'S INSTRUCTION 11

**Prior Inconsistent Statements**

You have heard evidence that before the trial, witnesses made statements that may be inconsistent with their testimony here in court. You may consider an inconsistent statement made before the trial only to help you decide how believable a witness' testimony was here in court. If an earlier statement was made under oath, then you can also consider the earlier statement as evidence of the truth of whatever the witness said in the earlier statement.

You have heard evidence that before the trial, defendant Michael Madigan made statements that may be inconsistent with his testimony here in court. You may consider an inconsistent statement by defendant Madigan made before the trial to help you decide how believable defendant Madigan's testimony was here in court, and also as evidence of the truth of whatever defendant Madigan said in the earlier statement.

COURT'S INSTRUCTION 12

**Witnesses Requiring Special Caution**

You have heard testimony from Edward Acevedo, William Cousineau, Fidel Marquez, Edward Moody, Steven Selcke, and Daniel Solis, who:

- Were promised, received, and/or expected a benefit in return for their testimony and/or cooperation with the government, and/or

- Pled guilty to being involved in one of the crimes a defendant is charged with committing. You may not consider a witness' guilty plea as evidence against either defendant.

You may give these witnesses' testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.

COURT'S INSTRUCTION 13

**Opinion Testimony**

You have heard a witness, namely, Dick W. Simpson, who gave opinions and testimony about the ward system in Chicago and the role of committeemen in that system. You do not have to accept this witness' opinions. You should judge this witness' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witness' qualifications, how he reached his opinions, and the factors I have described for determining the believability of testimony.

COURT'S INSTRUCTION 14

**Recorded Conversations/Transcripts**

You have heard recorded conversations and seen video recordings. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

You were also given transcripts of the conversations to help you follow the recordings as you listened to them. The recordings are the evidence of what was said and who said it. The transcripts are not evidence. If you noticed any differences between what you heard or saw in a recording and what you read in the transcripts, your understanding of the recording is what matters. In other words, you must rely on what you heard or saw, not what you read. And if you could not hear or understand certain parts of a recording, you must ignore the transcripts as far as those parts are concerned.

You may consider a person's actions, facial expressions, and lip movements that you are able to observe on a video recording to help you determine what was said and who said it.

I am providing you with the recordings and a device with instructions on its use as well as the transcripts. It is up to you to decide whether to listen to or watch a recording during your deliberations. You may, if you wish, rely on your recollections of what you heard and saw during the trial.

Some recordings have been redacted, and the transcripts reflect conversation where those portions were redacted. You should not speculate about those portions of the conversation.

COURT'S INSTRUCTION 15

**Recordings Involving Cooperating Witnesses**

You heard recordings that included statements made by cooperating witnesses Fidel Marquez and Daniel Solis.

Fidel Marquez began cooperating on January 16, 2019. The statements Fidel Marquez made before he began cooperating may be considered for their truth. However, you should not consider the statements Fidel Marquez made on recordings after January 16, 2019, as evidence that what he said was actually true; you can consider his statements on such recordings to place in context and help you understand the conversations and statements made by the defendants and others in these recordings.

Daniel Solis began cooperating on June 1, 2016. The statements Daniel Solis made before cooperating may be considered for their truth. However, you should not consider the statements Daniel Solis made on recordings after June 1, 2016, as evidence that what he said was actually true; you can consider his statements on such recordings to place in context and help you understand the conversations and statements made by the defendants and others in these recordings.

COURT'S INSTRUCTION 16

**Summaries Received in Evidence**

Certain summaries and charts were admitted in evidence. You may use those summaries and charts as evidence.

COURT'S INSTRUCTION 17

**Illustrative Summaries/Charts Not Received in Evidence**

Certain summaries and charts were shown to you to help explain other evidence that was admitted. These summaries and charts are not themselves evidence or proof of any facts, so you will not have these particular summaries and charts during your deliberations. If they do not correctly reflect the facts shown by the evidence, you should disregard such summaries and charts and determine the facts from the underlying evidence.

COURT'S INSTRUCTION 18

**Juror Note-Taking**

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

COURT'S INSTRUCTION 19

**Government Investigative Techniques**

You have heard evidence obtained from the government's use of informants who may have concealed their identities to gather evidence of specific violations of law and evidence obtained by/through the use of other deceptive investigative techniques including covert recordings. The government is permitted to use these techniques.

You should consider evidence obtained in these ways together with and in the same way you consider other evidence.

COURT'S INSTRUCTION 20

**Date of Crimes Charged**

The indictment charges that the crimes happened "in or around" or "on or about" certain dates. The government must prove that the crimes happened reasonably close to the dates alleged. The government is not required to prove that the crimes happened on those exact dates.

COURT'S INSTRUCTION 21

**Separate Consideration**

The defendants have been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision. You must consider each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

Even though the defendants are being tried together, you must consider each defendant separately. Your decision concerning one defendant, whether it is guilty or not guilty, should not influence your decision concerning the other defendant.

COURT'S INSTRUCTION 22

**Speculation Concerning Persons or Companies**

You should not speculate why any other person or company whose name you may have heard during the trial or who is referenced in the indictment is not currently on trial before you.

COURT'S INSTRUCTION 23

**Redactions**

During this trial, you have been shown documents that contain redactions, meaning that some words, numbers, or images in those documents are not visible. Documents are redacted for a number of a reasons that have nothing to do with the merits of the case. You should not draw any inferences or conclusions from the fact that a document contains redactions.

COURT'S INSTRUCTION 24

**Joint Venture**

An offense may be committed by more than one person. A defendant's guilt may be established without proof that the defendant personally performed every act constituting the crime charged.

COURT'S INSTRUCTION 25

**Aiding and Abetting/Acting Through Another**

A person may be found guilty of an offense by knowingly aiding; counseling; commanding; inducing; or procuring the commission of the offense if he knowingly participated in the criminal activity and tried to make it succeed.

In order for you to find a defendant guilty of a particular Count on this basis, the government must prove each of the following elements beyond a reasonable doubt:

1. The crime alleged in the particular Count was committed.

2. The defendant participated in the criminal activity and tried to make it succeed.

3. The defendant did so knowingly.

Additionally, if a defendant willfully causes another person to commit an act, which if committed by the defendant would be a crime, then the defendant is responsible under the law even though he did not personally commit the act.

COURT'S INSTRUCTION 26

**Presence/Activity/Association**

A defendant's presence at the scene of a crime and knowledge that a crime is being committed is not sufficient by itself to establish the defendant's guilt.

If a defendant performed acts that advanced the crime but had no knowledge that the crime was being committed or was about to be committed, those acts are not sufficient by themselves to establish the defendant's guilt.

A defendant's association with persons involved in a crime or criminal scheme is not sufficient by itself to prove his participation in the crime or membership in the criminal scheme.

COURT'S INSTRUCTION 27

**Code of Conduct and Compliance**

You heard evidence concerning codes of conduct and compliance policies issued by Exelon. Evidence that a person violated a corporate code of conduct or compliance policy is not, standing alone, sufficient to convict a defendant. A company's codes of conduct and compliance policies are not the same as federal criminal law, so even if you were to find that a person violated a code of conduct or compliance policy, that does not necessarily mean that there was a violation of criminal law. You must apply the law that I give you, and the government must prove a violation of federal law beyond a reasonable doubt.

COURT'S INSTRUCTION 28

**Job Recommendations**

Job recommendations tendered by a public official, without more, are not unlawful. Instead, the government must prove the elements of the charged offenses set forth in these instructions.

COURT'S INSTRUCTION 29

**Lobbying**

Under Illinois law, lobbying means to communicate, including the soliciting of others to communicate, with a public official for the ultimate purpose of influencing any executive, legislative, or administrative action at the State, municipal, county, or township government level. Illinois law defines influencing as any communication, action, reportable expenditure, or other means used to promote, support, affect, modify, oppose, or delay any executive, legislative, or administrative action or to promote goodwill with public officials.

Persons who, for compensation or otherwise, undertake to lobby, or any person or entity who employs or compensates another person for the purposes of lobbying, must register with the Secretary of State under the Lobbyist Registration Act.

Lobbying, without more, is not unlawful. Instead, the government must prove the elements of the charged offenses set forth in these instructions.

COURT'S INSTRUCTION 30

**Punishment**

In deciding your verdict, you should not consider the possible punishment for the defendants who are on trial. If you decide that the government has proved a defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

INSTRUCTIONS FOR COUNT ONE

RACKETEERING CONSPIRACY

(18 U.S.C. § 1962(d))

COURT'S INSTRUCTION 31

**Count One – Elements**

Count One of the indictment charges the defendants with conspiracy to commit racketeering. In order for you to find a defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1. That the conspiracy as charged in Count One existed; and

2. The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy.

In order for you to find a defendant guilty of this charge, the government must also prove each of the following elements beyond a reasonable doubt:

1. That the defendant knowingly conspired to conduct or participate in the conduct of the affairs of an enterprise through a pattern of racketeering activity as described in Count One; and

2. That the enterprise described in Count One was an enterprise; and

3. That the activities of the enterprise would affect interstate commerce.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

COURT'S INSTRUCTION 32

**Count One – Definition of "Conspiracy"**

A "conspiracy" is an expressed or implied agreement between two or more persons to commit a crime.  A conspiracy may be proven even if its goals were not accomplished.

In deciding whether the charged conspiracy existed, you may consider all of the circumstances, including the words and acts of each of the alleged participants.

COURT'S INSTRUCTION 33

**Count One – Membership in Conspiracy**

To be a member of a conspiracy, a defendant does not need to join it at the beginning, and he does not need to know all of the other members or all of the means by which the illegal goals of the conspiracy were to be accomplished. The government must prove beyond a reasonable doubt that the defendant you are considering was aware of the illegal goals of the conspiracy and knowingly joined the conspiracy.

A defendant is not a member of a conspiracy just because he knew and/or associated with people who were involved in a conspiracy, knew there was a conspiracy, and/or was present during conspiratorial discussions.

The conspiracy must include at least one member other than the defendant who, at the time, was not a government agent, law enforcement officer, or informant.

In deciding whether a defendant joined the charged conspiracy, you must base your decision only on what that defendant did or said. To determine what that defendant did or said, you may consider the defendant's own words or acts. You may also use the words or acts of other persons to help you decide what the defendant did or said.

COURT'S INSTRUCTION 34

**Count One – "Enterprise"**

The term "enterprise" means a group of people and/or legal entities associated together for a common purpose of engaging in a course of conduct. This group may be associated together for purposes that are both legal and illegal.

In considering whether a group is an "enterprise," you must find that it has an ongoing organization or structure, either formal or informal, and the various members of the group function as a continuing unit. A group may continue to be an "enterprise" even if it changes membership by gaining or losing members over time.

The government must prove that the group described in the indictment was the "enterprise" charged but need not prove each and every allegation in the indictment about the enterprise or the manner in which the enterprise operated. The government need not prove the association had any form or structure beyond the minimum necessary to conduct the charged pattern of racketeering.

COURT'S INSTRUCTION 35

**Count One – "Pattern of Racketeering Activity"**

In order to find a "pattern of racketeering activity" for purposes of Count One, you must find beyond a reasonable doubt that the defendant agreed that some member of the conspiracy would commit at least two acts of racketeering as described in Count One. You must also find that those acts were in some way related to each other and that there was continuity between them.

Acts are related to each other if they are not isolated events, that is, if they have similar purposes, or results, or participants, or victims, or are committed a similar way, or have other similar distinguishing characteristics; or are part of the affairs of the same enterprise.

There is continuity between acts if, for example, they are ongoing over a substantial period of time or had the potential to continue over a substantial period, or if they are part of the regular way some entity does business or conducts its affairs.

For purposes of Count One, the government does not have to prove that any racketeering acts were actually committed at all, or that the defendant agreed to personally commit any such acts, or that the defendant agreed that two or more specific acts would be committed.

COURT'S INSTRUCTION 36

**Count One – "Conducts or Participates in the Conduct Of"**

A person "conducts or participates in the conduct of" the affairs of an enterprise if that person uses his position in, or association with, the enterprise to perform acts which are involved in the operation or management of the enterprise, directly or indirectly, or if the person causes another to do so. In order to have conducted or participated in the conduct of the affairs of an enterprise, a person need not have participated in all of the activity alleged in Count One.

A person conspires to conduct or participate in the conduct of the affairs of an enterprise if that person agrees to knowingly facilitate the activities of the operators or managers who conduct or participate in the conduct of its affairs.

COURT'S INSTRUCTION 37

## Count One – Definition of "Associate"

To be associated with an enterprise, a person must be involved with the enterprise in a way that is related to its affairs or common purpose, although the person need not have a stake in the goals of the enterprise and may even act in a way that subverts those goals. A person may be associated with an enterprise without being so throughout its existence.

COURT'S INSTRUCTION 38

**Count One – Definition of "Interstate Commerce"**

For purposes of the elements instruction as to Count One (Court's Instruction 31), "interstate commerce" includes the movement of money, goods, services, or persons from one state to another. This would include the purchase or sale of goods or supplies from outside Illinois, the use of interstate mail or wire facilities, or the causing of any of those things.

If the actions of an enterprise affect in any degree the movement of money, goods, or services across state lines, then interstate commerce was engaged in or affected. An enterprise as a whole may engage in interstate commerce and its activity may affect interstate commerce to any degree; the government need not prove that a defendant agreed to engage in interstate commerce or that the acts of a defendant affected interstate commerce.

COURT'S INSTRUCTION 39

## Count One – Definition of Knowingly

A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all the evidence, including what the defendant did or said.

COURT'S INSTRUCTION 40

## Count One – Racketeering Activity

As explained in Court's Instructions 31 and 35, the racketeering conspiracy charged in Count One alleges an agreement that some member of the conspiracy would commit at least two acts of racketeering activity as charged in the indictment. The law defines "racketeering activity" as follows:

A.　Any act involving bribery under the following provisions of Illinois state law:

　　(1)　720 Illinois Compiled Statutes § 5/33-1(d) (bribery);

　　(2)　720 Illinois Compiled Statutes § 5/33-1(e) (bribery);

　　(3)　720 Illinois Compiled Statutes § 5/33-3(a)(4) (official misconduct);

　　(4)　720 Illinois Compiled Statutes § 645/1 (legislative misconduct, effective until December 31, 2012); or

　　(5)　720 Illinois Compiled Statutes § 5/33-8 (legislative misconduct, effective on and after January 1, 2013).

Illinois Compiled Statutes are referred to in abbreviated form as "ILCS."

B.　Any act which constitutes a violation of any of the following provisions of Title 18, United States Code:

　　(1)　Extortion (Section 1951); or

　　(2)　Use of any facility in interstate commerce in aid of racketeering activity (Section 1952).

Any violation of any of these statutes may constitute a distinct act of "racketeering activity."

COUNT ONE – INSTRUCTIONS REGARDING RACKETEERING ACTIVITY
INVOLVING BRIBERY IN VIOLATION OF ILLINOIS STATE LAW

(720 Ill. Comp. Stat. §§ 5/33-1(d), 5/33-1(e), 5/33-3(a)(4), 645/1, and 5/33-8)

COURT'S INSTRUCTION 41

## Count One – Definition of Bribery Under Illinois Law

Chapter 720 Illinois Compiled Statutes ("ILCS") § 5/33-1(d) prohibits a form of bribery. A person commits this offense when:

a.  The person receives, retains, or agrees to accept any property or personal advantage from another party that the person is not authorized by law to receive, retain, or agree to accept; and

b.  The person knew that the property or personal advantage was tendered or promised with intent to cause him to influence the performance of any act related to the employment or function of a public officer or public employee.

Chapter 720 ILCS § 5/33-1(e) prohibits a form of bribery. A person commits this offense when:

a.  The person solicits, receives, retains, or agrees to accept any property or personal advantage from another; and

b.  The person does so pursuant to an understanding that he shall improperly influence or attempt to influence the performance of any act or function of a public officer or public employee.

Chapter 720 ILCS § 5/33-3(a)(4), the official misconduct statute, prohibits a form of bribery. A person commits this offense when:

a.  The person is a public officer or public employee; and

b.  When in their official capacity, the person solicits or knowingly accepts for the performance of any act a fee or reward which the person knows was not authorized by law.

As used in this instruction, a "public officer" means a person who is elected to office pursuant to statute to discharge a public duty for the State. The term "public employee" is a person who is authorized to perform an official function on behalf of, and is paid by, the State.

Chapter 720 ILCS § 645/1, the legislative misconduct statute, which was effective until December 31, 2012, prohibited a form of bribery. This statute was replaced by Chapter 720 ILCS § 5/33-8, the legislative misconduct statute, which was effective on and after January 1, 2013, and continued to prohibit the same form of bribery. A person commits either offense when:

a.  A person is a member of the Illinois General Assembly;

45

b.    The person knowingly accepts or receives, directly or indirectly, any money or valuable thing from a corporation, company, or another person; and

c.    The person accepts such money or valuable thing in exchange for any vote or influence the person might give or withhold on any bill, resolution or appropriation, or for any other official act.

COURT'S INSTRUCTION 42

**Count One – "Not Authorized By Law"**

You should consider the following state laws only for the limited purpose of informing you whether certain conduct was "authorized by law" for purposes of the Illinois bribery statute § 5/33-1(d), and the Illinois official misconduct statute § 5/33-3(a)(4).

During all times relevant to the charges, there was an Illinois law called the State Officials and Employees Ethics Act.

The State Officials and Employees Ethics Act provides that: "Except as otherwise provided in this Article, no officer, member, or State employee shall intentionally solicit or accept any gift from any prohibited source or in violation of any federal or State statute, rule, or regulation." 5 Ill. Comp. Stat. Ann. 430/10-10.

A gift is defined as any "tangible or intangible item having monetary value including, but not limited to, cash, food and drink, and honoraria for speaking engagements related to or attributable to government employment or the official position of an employee, member, or officer." 5 Ill. Comp. Stat. Ann. 430/1-5.

Under 5 Ill. Comp. Stat. Ann. 430/1-5, a prohibited source is defined as any person or entity who:

(1)    Is seeking official action (i) by the member or officer or (ii) in the case of an employee, by the employee or by the member, officer, State agency, or other employee directing the employee;

(2)    Does business or seeks to do business (i) with the member or officer or (ii) in the case of an employee, with the employee or with the member, officer, State agency, or other employee directing the employee;

(3)    Conducts activities regulated (i) by the member or officer or (ii) in the case of an employee, by the employee or by the member, officer, State agency, or other employee directing the employee;

(4)    Has interests that may be substantially affected by the performance or non-performance of the official duties of the member, officer, or employee;

(5)    Is registered or required to be registered with the Secretary of State under the Lobbyist Registration Act, except that an entity not otherwise a prohibited source does not become a prohibited source merely because a registered lobbyist is one of its members or serves on its board of directors; or

47

(6)   Is an agent of, a spouse of, or an immediate family member who is living with a "prohibited source."

Under 5 Ill. Comp. Stat. Ann. 430/10-15, the exceptions to the gift ban are:

(1)   Opportunities, benefits, and services that are available on the same conditions as for the general public.

(2)   Anything for which the officer, member, or State employee pays the market value.

(3)   Any (i) contribution that is lawfully made under the Election Code or under this Act or (ii) activities associated with a fundraising event in support of a political organization or candidate.

(4)   A gift from a relative.

(5)   Anything provided by an individual on the basis of a personal friendship unless the member, officer, or employee has reason to believe that, under the circumstances, the gift was provided because of the official position or employment of the member, officer, or employee and not because of the personal friendship.

(6)   Food or refreshments not exceeding $75 per person in value on a single calendar day; provided that the food or refreshments are (i) consumed on the premises from which they were purchased or prepared or (ii) catered.

(7)   Food, refreshments, lodging, transportation, and other benefits resulting from the outside business or employment activities (or outside activities that are not connected to the duties of the officer, member, or employee as an office holder or employee) of the officer, member, or employee, or the spouse of the officer, member, or employee, if the benefits have not been offered or enhanced because of the official position or employment of the officer, member, or employee, and are customarily provided to others in similar circumstances.

(8)   Intra-governmental and inter-governmental gifts. For the purpose of this Act, "intra-governmental gift" means any gift given to a member, officer, or employee of a State agency from another member, officer, or employee of the same State agency; and "inter-governmental gift" means any gift given to a member, officer, or employee of a State agency, by a member, officer, or employee of another State agency, of a federal agency, or of any governmental entity.

48

(9) Any item or items from any one prohibited source during any calendar year having a cumulative total value of less than $100.

During all times relevant to the charges, there was an Illinois law called the Illinois Governmental Ethics Act.

The Illinois Governmental Ethics Act provides that:

Under Illinois law, no legislator may accept compensation, other than that provided by law for members of the General Assembly, for performance of his official legislative duties. No person, other than State officials or employees performing their duties in making payments to members of the General Assembly as provided by law, may pay or offer to pay any legislator any compensation for performance of his official legislative duties.

Under Illinois law, no legislator may accept any economic opportunity, under circumstances where he knows or should know that there is a substantial possibility that the opportunity is being afforded him with intent to influence his conduct in the performance of his official duties.

COURT'S INSTRUCTION 43

**Campaign Contributions**

You have heard evidence concerning campaign contributions, fundraising, or allocation of campaign resources, including donations and directed money provided to various candidates and public officials. This evidence is not evidence of a bribe, official misconduct, legislative misconduct, extortion, and/or fraud. Such campaign contributions, fundraising, or allocation of campaign resources, including donations and directed money provided to various candidates and public officials, are legal. It is not alleged that these activities were bribes solicited by, offered to, or accepted by Michael Madigan or Michael McClain, or otherwise constituted offenses of official misconduct, legislative misconduct, extortion, and/or fraud. It is not alleged that these actions demonstrate any illegal action.

This evidence may be considered by you to show relationships between individuals and as proof of Madigan's role in the alleged enterprise and structure of the alleged enterprise.



## COUNT ONE – INSTRUCTIONS REGARDING RACKETEERING ACTIVITY INVOLVING EXTORTION

### (18 U.S.C. § 1951)

COURT'S INSTRUCTION 44

**Extortion**

Under Title 18, United States Code Section 1951, a person commits the offense of extortion when:

1. The person knowingly obtains money or property from a victim;

2. The person does so by means of extortion by fear or under color of official right, as those terms are defined in these instructions;

3. The victim consents to part with the money or property because of the extortion;

4. The person believes that the victim parted with the money or property because of the extortion; and

5. The conduct of the person affected interstate commerce.

COURT'S INSTRUCTION 45

**Extortion by Fear**

Extortion by fear means the wrongful use of fear by a person to obtain or attempt to obtain money or property. "Wrongful" means that the person had no lawful right to obtain money or property in that way. "Fear" includes fear of economic loss. This includes fear of a direct loss of money, fear of harm to future business operations, or a fear of some loss of ability to compete in the marketplace in the future if the victim did not pay the person. The government must prove that the victim's fear would have been reasonable under the circumstances. However, the government need not prove that the person actually intended to cause the harm threatened.

COURT'S INSTRUCTION 46

**Extortion Under "Color of Official Right"**

Extortion under "color of official right" occurs when a public official attempts to obtain money or property to which he is not entitled, believing that the money or property would be given to him in return for the taking, withholding, or influencing of official action.

Although the official must attempt to obtain the money or property, the government does not have to prove that the public official first suggested giving money or property, or that the official asked for or solicited it.

While the official must attempt to obtain the money or property in return for the official action, the government does not have to prove that the official actually took, caused, influenced, or intended to take, cause, or influence the official action; that the official could have actually taken, caused, or influenced the official action in return for which payment would be made; or that the official would not have taken the same action even without payment.

COURT'S INSTRUCTION 47

**Official Action**

An "official action" is a specific decision or action on, or an agreement to make a decision or take action on, a specific question or matter, which is pending or at any time may be pending, or may by law be brought before a public official, in his official capacity. Under the law, the term "official action" does not require that the official possess the power or ability to act unilaterally on the specific question or matter.

A "question" or "matter" must involve a formal exercise of governmental power and must be something specific and focused, rather than a broad policy objective.

A public official makes a specific decision or takes action on a question or matter when he uses his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that the advice will form the basis for an official act by another official.

A public official does not make a specific decision or take action on a question or matter if he does no more than set up a meeting, host an event, or call another public official.

COURT'S INSTRUCTION 48

**Property**

"Property" includes money, legal fees, and contractual rights.

COURT'S INSTRUCTION 49

**Effect on Interstate Commerce**

For purposes of the extortion statute and the instruction contained within Court's Instruction 44, an effect on interstate commerce occurs when interstate commerce is affected in any way or degree, however minimal. This would include reducing the assets of a person who, or business that, customarily purchased goods from out of state or actually engaged in business out of state, and if those assets would have been available to the person or business for the purchase of such goods or the conducting of such business if not for extortionate conduct.

A person committing extortion does not need to know or intend for his actions to affect interstate commerce, and a person attempting to commit extortion need not cause an actual effect on interstate commerce.

COUNT ONE – INSTRUCTIONS REGARDING RACKETEERING ACTIVITY
INVOLVING THE USE OF INTERSTATE FACILITIES IN AID OF
RACKETEERING

(18 U.S.C. § 1952)

COURT'S INSTRUCTION 50

**Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises – Elements**

Under Title 18, United States Code Section 1952, a person commits this offense when:

1. The person travels or causes another to travel in interstate or foreign commerce, or uses or causes to be used a facility in interstate or foreign commerce, including the mail;

2. The person does so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment, or carrying on of an unlawful activity; and

3. Thereafter the person promotes, manages, establishes, or carries on an unlawful activity, or attempts to do so; or facilitates the promotion, management, establishment, or carrying on of an unlawful activity, or attempts to do so.

COURT'S INSTRUCTION 51

**Interstate Commerce – Definition**

For purposes of Count One and the interstate facilities statute and the instruction that appears in Court's Instruction 50, the term "interstate commerce" means travel between one state and another state or use of an interstate facility, including the mail, as well as an interstate telephone call or an interstate email and their associated interstate communication networks.

The interstate travel or use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The interstate travel or use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the interstate travel or use of an interstate facility.

COURT'S INSTRUCTION 52

**Count One – Definition of "Unlawful Activity"**

With respect to Count One, four unlawful activities are alleged as the basis for purposes of determining whether the conspiracy involved violations of Title 18, United States Code, Section 1952, namely, bribery in violation of Chapter 720 ILCS §§ 5/33-1(d) and (e), official misconduct in violation of 720 ILCS 33-3(a)(4), legislative misconduct in violation of Chapter 720 ILCS § 5/33-8 (see Court's Instruction 41), and extortion in the violation of 18 USC § 1951 (see Court's Instruction 44).

INSTRUCTIONS FOR COUNTS TWO AND TWENTY-THREE

CONSPIRACY TO COMMIT AN OFFENSE AGAINST THE UNITED STATES

(18 U.S.C. § 371)

COURT'S INSTRUCTION 53

**Counts Two and Twenty-Three – Elements**

Count Two of the indictment charges defendant Michael Madigan with conspiracy to commit an offense against the United States, related to ComEd.

Count Twenty-Three charges defendants Michael Madigan and Michael McClain with conspiracy to commit an offense against the United States, related to AT&T.

In order for you to find a defendant guilty of this charge, the government must prove each of the three following elements beyond a reasonable doubt:

1. The conspiracy as charged in the count you are considering existed;

2. The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy; and

3. One of the conspirators committed an overt act in an effort to advance a goal of the conspiracy on or after October 12, 2017.

An overt act is any act done to carry out the goals of the conspiracy. An overt act may itself be a lawful act. The government is not required to prove all of the overt acts charged in the count you are considering.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

COURT'S INSTRUCTION 54

**Counts Two and Twenty-Three – Definition of Conspiracy and Membership in Conspiracy**

The previous instructions I provided you concerning the definition of a conspiracy and membership in conspiracy, which appear in Court's Instructions 32 and 33 respectively, apply to your consideration of the conspiracies charged in Counts Two and Twenty-Three.

With respect to Count Two, a conspiracy must include at least two members, neither of whom is a government agent. Fidel Marquez cannot be considered a member of a conspiracy on or after January 16, 2019, the date he began cooperating with law enforcement.

COURT'S INSTRUCTION 55

## Count Two – Objects of Conspiracy

Count Two charges a conspiracy to commit several different offenses.

First, Count Two charges a conspiracy to commit the offense of corruptly soliciting a bribe. The offense of corruptly soliciting a bribe is committed when:

1. A person is an agent of a State government;

2. That person solicits, demands, accepts, or agrees to accept a thing of value from another person;

3. That person does so corruptly, as defined in these instructions, and acted with the intent to be influenced or rewarded in connection with some business, transaction, or series of transactions of the State government;

4. This business, transaction, or series of transactions involves a thing of value of $5,000 or more; and

5. The State government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract, subsidy, loan, guarantee, or other assistance.

Second, Count Two charges a conspiracy to commit the offense of corruptly giving and offering a bribe. The offense of corruptly giving and offering to give a bribe is committed when:

1. A person gives, offers, or agrees to give a thing of value to another person;

2. That person does so corruptly, as defined in these instructions, and acted with the intent to influence or reward an agent of State government in connection with some business, transaction, or series of transactions of the government;

3. This business, transaction, or series of transactions involved a thing of value of $5,000 or more; and

4. The State government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, or other assistance.

Third, Count Two charges a conspiracy to commit the offense of falsifying books, records, or accounts of ComEd and Exelon. This offense is committed when:

1. A company is an issuer;

2. A person falsifies, or causes the falsification of, the books, records, or accounts of the company;

3. The books, records, or accounts of the company were of the type that were required to accurately and fairly reflect in reasonable detail the transactions and dispositions of the assets of ComEd or Exelon; and

4. The person acts knowingly and willfully, as defined in these instructions (see Court's Instructions 39 and 56 respectively).

Fourth, Count Two charges a conspiracy to commit the offense of circumventing a system of internal accounting controls. This offense is committed when:

1. A company is an issuer;

2. A person circumvents a system of internal accounting controls; and

3. The person acts knowingly and willfully, as defined in these instructions (see Court's Instructions 39 and 56, respectively).

COURT'S INSTRUCTION 56

**Count Two – Additional Definitions**

For the purposes of Count Two, the government must prove the defendant you are considering acted "corruptly" at the time he committed the offense of either: (1) conspiracy to commit the offense of "corruptly soliciting a bribe"; or (2) conspiracy to commit the offense of "corruptly giving/offering a bribe."

For the purposes of Count Two, a defendant acts "corruptly" if he acted with the understanding that a "thing of value" is to be exchanged for an "official act" with the intent to influence or reward a State agent in connection with his official duties. The government need not prove, however, that the defendant knew that the law prohibited his conduct. In other words, the government must prove that:

(1) When the defendant conspired to solicit, demand, accept, or agree to accept, a "thing of value" with the intent to be influenced or rewarded in connection with his official duties; or

(2) When the defendant conspired to give, offer, or agree to give, a "thing of value" with the intent to influence or reward an agent of a State government or agency thereof in connection with some business, transaction, or series of transactions of the State government;

the defendant understood the conspiracy involved a "this for that" exchange of a "thing of value" for an "official action" (as defined in this instruction and Court's Instruction 47, respectively).

This exchange involves the unlawful influence of a bribe to be paid before the performance of an official action or actions, or an unlawful reward of a bribe to be paid after the performance of an official action or actions. To prove the conspiracy as charged in Count Two, however, the government must prove that the conspiracy existed to take an official action in exchange for a thing of value before the official action is to take place. Therefore, if the bribe is to be paid after an official action occurs, then the government must prove that the bribery agreement existed before the official action was to take place.

A "thing of value" means a private benefit either to the public official or to any person, with the intent to influence or reward an agent of State government in exchange for an official action or actions related to some business, transaction, or series of transactions of the government (as defined in these instructions). The term

"thing of value" may involve a stream of benefits in a "this for that" exchange for one or more official actions.

For the purposes of Count Two, however, bona fide salary, wages, fees, or other compensation paid in the usual course of business do not qualify as a thing of value. Vague expectations of some future benefit are not sufficient, by themselves, to make a payment a bribe.

The government must prove all the elements of Count Two beyond a reasonable doubt, but it does not have to prove the bribery offense caused an official action to take place, that is, a violation of Count Two may occur even if an official action or actions would have occurred in the absence of the bribery offense.

Further, for the purposes of the Third and Fourth offenses charged in Count Two, a person acts "willfully" if he or she acts knowingly and with the intent to do something he or she knows is against the law. The government is not required to prove that the person knew that their actions violated any particular law.

For the purposes of the Third and Fourth offenses charged in Count Two, an "issuer" is any company whose securities were registered with the Securities and Exchange Commission pursuant to Section 12 of the Securities and Exchange Act of 1934, or any company that was required to file periodic reports with the Securities and Exchange Commission under Section 15(d) of the same act.

Each issuer is required to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflected the transactions and dispositions of the assets of the issuer. Such records include, for example, general ledgers, journal entries, income statements, financial certifications, and other records relating to transactions and dispositions entered into by the company, such as contracts, memoranda, invoices, as well as payment and account records.

In addition, each issuer is required to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

(1)     Transactions were executed in accordance with management's general or specific authorization;

(2)     Transactions were recorded as necessary (I) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (II) to maintain accountability for assets; and

68

(3)    Access to assets was permitted only in accordance with management's general or specific authorization.

In addition to these definitions set forth here, the previous instructions I provided you concerning the terms "Campaign Contributions" (Court's Instruction 43) and "Official Action" (Court's Instruction 47) applies to your consideration of the charges in Count Two.

COURT'S INSTRUCTION 57

**Count Two – Good Faith**

For the purposes of the Third and Fourth offenses charged in Count Two, the government must prove the defendant acted willfully. If a defendant acted in good faith, then he lacked the willfulness required to prove the offenses of conspiracy to commit the offense of falsifying books, records, or accounts of ComEd and Exelon and/or conspiracy to commit the offense of circumventing a system of internal accounting controls, as charged in Count Two (Third and Fourth offenses).

With respect to the Third offense charged in Count Two, a defendant acted in good faith if, at the time, he honestly believed the truthfulness of the books, records, or accounts that the government has charged as being false.

With respect to the Fourth offense charged in Count Two, a defendant acted in good faith if, at the time, he honestly believed the compliance with the system of internal controls that the government has charged as circumvented.

A defendant does not have to prove his good faith. Rather, the government must prove beyond a reasonable doubt that the defendant acted knowingly and willfully with respect to the elements of Third and Fourth offenses charged in Count Two.

COURT'S INSTRUCTION 58

**Count Two – Intent to Influence**

It is not necessary that the public official had the power to or did perform the act for which he was promised or which he agreed to receive a thing of value, but the government must prove the matter was before him in his official capacity. Nor is it necessary that the public official in fact intended to perform the specific official act. It is sufficient if the public official knew that the thing of value was offered with the intent to exchange the thing of value for the performance of the official act.

COURT'S INSTRUCTION 59

**Count Two – Definition of Agent**

An agent is a person who is authorized to act on behalf of a State government, including an employee, officer, or representative.

The agent need not have exclusive control over the business, transaction, or series of transactions; influence is sufficient.

COURT'S INSTRUCTION 60

**Count Twenty-Three – Objects of Conspiracy**

Count Twenty-Three charges a conspiracy to commit several different offenses.

First, Count Twenty-Three charges a conspiracy to commit the offense of corruptly soliciting a bribe. The previous instructions I provided you concerning Corruptly Soliciting a Bribe (Court's Instruction 55, First Offense, and Court's Instruction 56) apply to your consideration of the charges in Count Twenty-Three.

Second, Count Twenty-Three charges a conspiracy to commit the offense of corruptly giving and offering a bribe. The previous instructions I provided you concerning Corruptly Giving and Offering a Bribe (Court's Instruction 55, Second Offense, and Court's Instruction 56) apply to your consideration of the charges in Count Twenty-Three.

To prove the conspiracy as charged in Count Twenty-Three, the government must prove that the conspiracy existed to take an official action in exchange for a thing of value before the official act is to take place.

COURT'S INSTRUCTION 61

**Count Twenty-Three – Additional Definitions**

In addition to the instructions set forth here, the previous instructions I provided you concerning the terms Campaign Contributions (Court's Instruction 43), Official Action (Court's Instruction 47), Intent to Influence (Court's Instruction 58), Agent (Court's Instruction 59), and Knowingly (Court's Instruction 39) apply to your consideration of the charges in Count Twenty-Three.

For the purposes of Count Twenty-Three, bona fide salary, wages, fees, or other compensation paid in the usual course of business do not qualify as a thing of value.

COURT'S INSTRUCTION 62

**Counts Two and Twenty-Three – Unanimity**

It is not necessary for the government to prove a defendant conspired to commit all of the offenses identified as the objects of a conspiracy. It is sufficient if the government proves that a defendant conspired with a conspirator to commit at least one of these offenses. You must agree unanimously on at least one offense the defendant agreed to commit.

For example, with respect to Count Two, if some of you were to find that the government has proved beyond a reasonable doubt that defendant Madigan conspired to corruptly solicit things of value, and the rest of you were to find that the government has proved beyond a reasonable doubt that defendant Madigan conspired to falsify books and records, then there would be no unanimous agreement on which object of the conspiracy the government has proved. On the other hand, if all of you were to find that the government has proved beyond a reasonable doubt that defendant Madigan conspired to corruptly solicit things of value, then there would be a unanimous agreement on the particular object of the conspiracy that the government proved.

INSTRUCTIONS FOR COUNTS 3, 4, 6, 11, AND 21

CORRUPTLY SOLICITING, DEMANDING, AND AGREEING TO ACCEPT A
BRIBE

(18 U.S.C. § 666(a)(1)(B) and 2)

COURT'S INSTRUCTION 63

**Counts Three, Four, Six, Eleven – Elements**

Counts Three, Four, Six, and Eleven of the indictment charge defendant Michael Madigan with corruptly soliciting, demanding, and agreeing to accept a bribe. In order for you to find a defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant was an agent of a State government;

2. The defendant solicited, demanded, accepted, or agreed to accept a thing of value from another person;

3. The defendant did so corruptly;

4. The defendant acted with the intent to be influenced or rewarded in connection with some business, transaction, or series of transactions of the State government;

5. This business, transaction, or series of transactions involved a thing of a value of $5,000 or more; and

6. The State government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, insurance, or other assistance.

For the purposes of this offense, the government must prove the defendant you are considering acted "corruptly" at the time he committed the offense of "corruptly soliciting a bribe." A defendant acts "corruptly" if he acted with the understanding that a "thing of value" is to be exchanged for an "official act" with the intent to influence or reward a State agent in connection with his official duties. The government need not prove, however, that the defendant knew that the law prohibited his conduct.

In other words, the government must prove that when a defendant solicited, demanded, accepted, or agreed to accept, a "thing of value" with the intent to be influenced or rewarded in connection with his official duties, the defendant did so knowing it was a "this for that" exchange of a "thing of value" for an "official action" (as defined in this instruction and Court's Instruction 47, respectively).

This exchange involves the unlawful influence of a bribe to be paid before the performance of an official action or actions, or an unlawful reward of a bribe to be paid after the performance of an official action or actions. To prove the offense of "corruptly soliciting a bribe" as charged in Counts Three, Four, Six, and Eleven,

however, the government must prove that an agreement existed to take an official action in exchange for a thing of value before the official action is to take place. Therefore, if the bribe is to be paid after an official action occurs, then the government must prove that the bribery agreement existed before the official action was to take place.

A "thing of value" means a private benefit either to the public official or to any person, with the intent to influence or reward an agent of State government in exchange for an official action or actions related to some business, transaction, or series of transactions of the government (as defined in these instructions). The term "thing of value" may involve a stream of benefits in a "this for that" exchange for one or more official actions.

For the purposes of Counts Three, Four, Six, and Eleven, however, bona fide salary, wages, fees, or other compensation paid in the usual course of business do not qualify as a thing of value. Vague expectations of some future benefit are not sufficient, by themselves, to make a payment a bribe.

The government must prove all the elements of a given Count beyond a reasonable doubt, but it does not have to prove the bribery offense caused an official action to take place, that is, a violation of a Count may occur even if an official action or actions would have occurred in the absence of the bribery offense.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the Count you are considering, then you should find the defendant guilty of that Count.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the Count you are considering, then you should find the defendant not guilty of that Count.

COURT'S INSTRUCTION 64

**Count Twenty-One – Elements**

Count Twenty-One of the indictment charges defendants Michael Madigan and Michael McClain with corruptly soliciting, demanding, and agreeing to accept a bribe.

In order for you to find Madigan guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant was an agent of a State government;

2. The defendant solicited, demanded, accepted, or agreed to accept a thing of value from another person;

3. The defendant did so corruptly;

4. The defendant acted with the intent to be influenced or rewarded in connection with some business, transaction, or series of transactions of the State government;

5. This business, transaction, or series of transactions involved a thing of a value of $5,000 or more; and

6. The State government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, insurance, or other assistance.

In order for you to find McClain guilty of this charge as an aider and abettor as defined in Court's Instruction 25, the government must prove each of the following elements beyond a reasonable doubt:

1. Madigan was an agent of a State government;

2. The defendant solicited, demanded, accepted, or agreed to accept a thing of value from another person;

3. The defendant did so corruptly;

4. The defendant acted with the intent to be influenced or rewarded in connection with some business, transaction, or series of transactions of the State government;

5. This business, transaction, or series of transactions involved a thing of a value of $5,000 or more;

6. The State government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, insurance, or other assistance; and

7.    The defendant knowingly participated in the criminal activity and tried to make it succeed.

For the purposes of this offense, the government must prove the defendant you are considering acted "corruptly" at the time he committed the offense of "corruptly soliciting a bribe." A defendant acts "corruptly" if he acted with the understanding that a "thing of value" is to be exchanged for an "official act" with the intent to influence or reward a State agent in connection with his official duties. The government need not prove, however, that the defendant knew that the law prohibited his conduct.

In other words, the government must prove that when a defendant solicited, demanded, accepted, or agreed to accept a "thing of value" with the intent to be influenced or rewarded in connection with his official duties, the defendant did so knowing it was a "this for that" exchange of a "thing of value" for an "official action" (as defined in this instruction and Court's Instruction 47, respectively).

This exchange involves the unlawful influence of a bribe to be paid before the performance of an official action or actions, or an unlawful reward of a bribe to be paid after the performance of an official action or actions. To prove the offense of "corruptly soliciting a bribe" as charged in Count Twenty-One, however, the government must prove that an agreement existed to take an official action in exchange for a thing of value before the official action is to take place. Therefore, if the bribe is to be paid after an official action occurs, then the government must prove that the bribery agreement existed before the official action was to take place.

A "thing of value" means a private benefit either to the public official or to any person, with the intent to influence or reward an agent of State government in exchange for an official action or actions related to some business, transaction, or series of transactions of the government (as defined in these instructions). The term "thing of value" may involve a stream of benefits in a "this for that" exchange for one or more official actions.

For the purposes of Count Twenty-One, however, bona fide salary, wages, fees, or other compensation paid in the usual course of business do not qualify as a thing of value. Vague expectations of some future benefit are not sufficient, by themselves, to make a payment a bribe.

The government must prove all the elements of Count Twenty-One beyond a reasonable doubt, but it does not have to prove the bribery offense caused an official action to take place, that is, a violation of Count Twenty-One may occur even if an official action or actions would have occurred in the absence of the bribery offense.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the Count you are considering, then you should find the defendant guilty of that Count.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the Count you are considering, then you should find the defendant not guilty of that Count.

COURT'S INSTRUCTION 65

**Counts Three, Four, Six, Eleven, and Twenty-One – Definitions**

In addition to the instructions set forth here, the previous instructions I provided you concerning the terms Agent (Court's Instruction 59), Campaign Contributions (Court's Instruction 43), Official Action (Court's Instruction 47), Thing of Value (Court's Instruction 56) and Intent to Influence (Court's Instruction 58) apply to your consideration of the charges in Counts Three, Four, Six, Eleven, and Twenty-One.

COURT'S INSTRUCTION 66

## Counts Three, Four, Five, Six, and Seven – Conspiratorial Liability

For the purposes of Counts Three, Four, Five, Six, and Seven, if the government proves Madigan guilty beyond a reasonable doubt of the conspiracy charged in Count Two as defined in these instructions, then Madigan is also responsible for the offenses committed by other members of the conspiracy charged in Count Two if the government proves each of the following elements beyond a reasonable doubt:

1. Madigan is guilty of the charge of conspiracy as charged in Count Two;

2. Other members of the same conspiracy committed the crime charged in the Count you are considering during the time that Madigan was also a member of the conspiracy;

3. The other co-conspirator or co-conspirators committed the crime as charged in the Count you are considering to advance the goals of the conspiracy charged in Count Two; and

4. It was reasonably foreseeable to Madigan that other co-conspirators would commit the crime charged in the Count you are considering to advance the goals of the conspiracy. The government is not required to prove that the defendant actually knew about the crime charged in the Count you are considering or that Madigan actually realized that this type of crime would be committed as part of the conspiracy.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty as to that charge.

INSTRUCTIONS FOR COUNTS 5, 7, 12, 13, 14, 16, 17, 18, AND 22

USE OF INTERSTATE FACILITIES IN AID OF RACKETEERING

(18 U.S.C. § 1952)

COURT'S INSTRUCTION 67

**Counts Five, Seven, Twelve, Thirteen, Fourteen, Sixteen, Seventeen, Eighteen, and Twenty-Two – Elements**

Counts Five, Seven, Twelve, Thirteen, Fourteen, Sixteen, Seventeen, and Eighteen of the indictment charge defendant Madigan, and Count Twenty-Two of the indictment charges defendants Madigan and McClain, with use of interstate facilities in aid of racketeering.

In order for you to find a defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant used or caused to be used a facility in interstate or foreign commerce;

2. The defendant did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment, or carrying on of an unlawful activity; and

3. Thereafter the defendant did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

COURT'S INSTRUCTION 68

**Counts Five, Seven, Twelve, Thirteen, Fourteen, Sixteen, Seventeen, Eighteen, and Twenty-Two – Definition of "Interstate Commerce"**

For purposes of the interstate facility statute and the instruction that appears in Court's Instruction 67, the term "interstate commerce" means travel between one state and another state or use of an interstate facility. An "interstate facility" is a facility capable of transmitting communications in interstate commerce. The government is not required to prove that an interstate facility was actually used to transmit a communication in interstate commerce.

The interstate travel or use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The interstate travel or use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the interstate travel or use of an interstate facility.

COURT'S INSTRUCTION 69

**Counts Five, Seven, Twelve, Thirteen, Fourteen, Sixteen, Seventeen, Eighteen, and Twenty-Two – Definition of "Unlawful Activity"**

With respect to Counts Five and Seven, two unlawful activities are alleged, namely, bribery and legislative misconduct in violation of Chapter 720 ILCS § 5/33-1(d) and Chapter 720 ILCS § 5/33-8.

With respect to Count Twelve, Thirteen, Fourteen, and Twenty-Two, four unlawful activities are alleged, namely, bribery and legislative misconduct in violation of Chapter 720 ILCS §§ 5/33-1(a), (d) and (e), and Chapter 720 ILCS § 5/33-8.

Chapter 720 ILCS § 5/33-1(a) prohibits a form of bribery. A person commits this offense when:

    a.    The person promises or tenders property or personal advantage to a public officer or public employee; and

    b.    The person does so with the intent to influence the performance of any act related to the public officer or public employee's employment or function as a public officer or public employee.

Chapter 720 ILCS § 5/33-1(d) prohibits a form of bribery. A person commits this offense when:

    a.    The person receives, retains, or agrees to accept any property or personal advantage from another party that the person is not authorized by law to receive, retain, or agree to accept; and

    b.    The person knew that the property or personal advantage was tendered or promised with intent to cause him to influence the performance of any act related to the employment or function of a public officer or public employee.

Chapter 720 ILCS § 5/33-1(e) prohibits a form of bribery. A person commits this offense when:

    a.    The person solicits, receives, retains, or agrees to accept property or personal advantage from another; and

    b.    The person does so pursuant to an understanding that he shall improperly influence or attempt to influence the performance of any act or function of a public officer or public employee.

Chapter 720 ILCS § 5/33-8 prohibits legislative misconduct. A person commits this offense when:

    a.    A person is a member of the Illinois General Assembly;

    b.      The person knowingly accepts or receives, directly or indirectly, any money or valuable thing from a corporation, company, or person; and

    c.      The person accepts such money or valuable thing in exchange for any vote or influence the person might give or withhold on any bill, resolution, or appropriation, or for any other official act.

With respect to Count Sixteen, Seventeen, and Eighteen, two unlawful activities are alleged, namely, extortion in violation of 18 U.S.C. § 1951(a) and theft in violation of Chapter 720 ILCS § 5/16-1(a).

Title 18, United States Code, Section 1951(a) prohibits extortion. A person commits this offense when:

    a.      The person knowingly obtains money or property from a victim;

    b.      The person does so by means of extortion under color of official right, as those terms are defined in these instructions;

    c.      The victim consents to part with the money or property because of the extortion;

    d.      The person believes that the victim parted with the money or property because of the extortion; and

    e.      The conduct of the person affected interstate commerce.

The previous instructions I provided you concerning the definitions of Extortion under "Color of Official Right" (Court's Instruction 46), Official Action (Court's Instruction 47), Property (Court's Instruction 48), and Effect on Interstate Commerce (Court's Instruction 49) apply to your consideration of these offenses.

Chapter 720 ILCS § 5/16-1(a) prohibits a form of extortion. A person commits this offense when:

    a.      The person by threat knowingly obtains control over property owned by another; and

    b.      The person intended to permanently deprive the owner of the use or benefit of the property.

For purposes of Chapter 720 ILCS § 5/16-1(a), the word "threat" means a communication made in any fashion to take action as an official against anyone or anything, or withhold official action, or cause such action or withholding.

The government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in each count. However, you must unanimously agree on that unlawful activity.

INSTRUCTIONS FOR COUNTS 8, 9, 10, 19, AND 20

WIRE FRAUD

(18 U.S.C. § 1343 and § 1346)

COURT'S INSTRUCTION 70

**Counts Eight, Nine, Ten, Nineteen, and Twenty – Elements**

Counts Eight, Nine, and Ten of the indictment charge defendant Michael Madigan, and Counts Nineteen and Twenty charge defendants Michael Madigan and Michael McClain with committing wire fraud.

In order for you to find a defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1. That the defendant knowingly devised or participated in a scheme to defraud, as described in the Count you are considering;

2. That the defendant did so with the intent to defraud;

3. The scheme to defraud involved a materially false or fraudulent pretense, representation, or promise; and

4. That for the purpose of carrying out the scheme, the defendant used or caused interstate wire communications to take place in the manner charged in the particular count.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

COURT'S INSTRUCTION 71

**Counts Eight, Nine, Ten, Nineteen, and Twenty – Types of Wire Fraud**

Counts Eight, Nine, and Ten of the indictment charge defendant Michael Madigan, and Counts Nineteen and Twenty charge defendants Michael Madigan and Michael McClain with committing wire fraud in two different ways:

First, the defendants are charged with wire fraud by participating in a scheme to obtain money or property.

Second, the defendants are charged with wire fraud by participating in a scheme to defraud the people of the State of Illinois of the intangible right to honest services of defendant Michael Madigan.

If you find that wire fraud was committed by either way described above, or by both ways, then you must find the defendant you are considering guilty of the Count you are considering, but in order to do so you must unanimously agree on which method was used, or unanimously agree that both methods were used.

COURT'S INSTRUCTION 72

**Counts Eight, Nine, Ten, Nineteen, and Twenty – Additional Definitions**

The following definitions apply to Counts Eight, Nine, Ten, Nineteen, and Twenty.

A scheme is a plan or course of action formed with the intent to accomplish some purpose.

A "scheme to defraud" is a scheme that is intended to deceive or cheat another and to obtain money or property or cause the potential loss of money or property to another by means of materially false or fraudulent pretenses, representations, or promises or to deprive another of the intangible right to honest services through bribery.

A false or fraudulent pretense, representation, or promise is "material" if it is capable of influencing the decision of the person to whom it was addressed.

It is not necessary that the false or fraudulent pretense, representation, or promise have that influence or be relied on by the alleged victim, as long as it is capable of doing so.

A person acts with "intent to defraud" if he acts knowingly with the intent to deceive or cheat the victim in order to cause a gain of money or property to the defendant or another, the potential loss of money or property to another, or to deprive another of the intangible right to honest services through bribery.

Additionally, the previous instructions I provided you concerning the terms Campaign Contributions (Court's Instruction 43), Knowingly (Court's Instruction 39), Official Action (Court's Instruction 47), and Intent to Influence (Court's Instruction 58), apply to your consideration of the charges in Counts Eight, Nine, Ten, Nineteen, and Twenty.

COURT'S INSTRUCTION 73

**Counts Eight, Nine, Ten, Nineteen, and Twenty – Use of Interstate Communication Facility**

The government must prove that interstate communication facilities were used to carry out the scheme or were incidental to an essential part of the scheme.

In order to use or cause interstate wire communications to take place, a defendant need not actually intend that use to take place. You must find that the defendant knew this use would actually occur, or that the defendant knew that it would occur in the ordinary course of business, or that the defendant knew facts from which that use could reasonably have been foreseen. However, the government does not have to prove that a defendant knew that the wire communication was of an interstate nature.

The defendant need not actually or personally use interstate communication facilities.

Although an item communicated interstate need not itself contain a fraudulent representation or promise or a request for money, it must carry out or attempt to carry out the scheme.

Each separate use of interstate communication facilities in furtherance of the scheme to defraud constitutes a separate offense.

COURT'S INSTRUCTION 74

**Counts Eight, Nine, Ten, Nineteen, and Twenty – Success Not Required**

The wire fraud statute can be violated whether or not there is any loss or damage to the victim of the crime or gain to the defendant.

The government need not prove that the scheme to defraud actually succeeded.

COURT'S INSTRUCTION 75

**Counts Eight, Nine, Ten, Nineteen, and Twenty – Honest Services Fraud**

A scheme to defraud another of the intangible right to "honest services" consists of a scheme to violate a fiduciary duty by bribery. A fiduciary duty is a duty to act only for the benefit of the public. A public official owes a fiduciary duty to the public.

A defendant need not owe the fiduciary duty personally, so long as he devises or participates in a bribery scheme intended to deprive the public of its right to a fiduciary's honest services.

COURT'S INSTRUCTION 76

**Counts Eight, Nine, Ten, Nineteen, and Twenty – Bribery**

With respect to Counts Eight, Nine, Ten, Nineteen, and Twenty, a public official commits bribery when he demands, solicits, seeks, asks for, agrees to accept, agrees to receive, accepts, or receives, directly or indirectly, something of value from another person in exchange for a promise for, or performance of, an official act.

"Something of value" includes property, money, fees, or contractual rights.

COURT'S INSTRUCTION 77

**Counts Eight, Nine, Ten, Nineteen, and Twenty – Wire Communication**

Emails constitute transmission by means of wire communication.

INSTRUCTIONS FOR COUNT 15

ATTEMPTED EXTORTION

(18 U.S.C. § 1951)

COURT'S INSTRUCTION 78

Count Fifteen – Elements

Count Fifteen of the indictment charges defendant Michael Madigan with attempted extortion. A person commits the offense of attempted extortion when they (1) knowingly take a substantial step toward committing extortion, (2) with the intent to commit extortion. The substantial step must be an act that strongly corroborates that the defendant intended to carry out the extortion.

In order for you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1. That the defendant knowingly obtained or attempted to obtain money or property from Haymarket Apartments Joint Venture, LLP;

2. That the defendant attempted to do so by means of extortion under color of official right, as that term is defined in these instructions;

3. That the defendant believed that Haymarket Apartments Joint Venture, LLP would have parted with the money or property because of the extortion; and

4. That the conduct of the defendant affected, would have affected, or had the potential to affect interstate commerce.

It is no defense to the charge of attempted extortion that it was factually impossible for the defendant to commit the crime, so long as the crime could have been committed if the facts had been as the defendant believed them to be. In other words, a defendant is guilty of attempted extortion if he satisfies the elements I previously described to you and he intentionally engaged in conduct which would constitute the crime if the relevant factual circumstances were as he believed them to be.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

COURT'S INSTRUCTION 79

**Count Fifteen – Definitions**

The previous instructions I provided you concerning the definitions of Extortion under "Color of Official Right" (Court's Instruction 46), Official Action (Court's Instruction 47), Property (Court's Instruction 48), and Effect on Interstate Commerce (Court's Instruction 49) apply to your consideration of the attempted extortion charged in Count Fifteen.

FINAL GENERAL INSTRUCTIONS

COURT'S INSTRUCTION 80

Jury Deliberations

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, computer, text messaging, instant messaging, the internet, chat rooms, blogs, websites, or services like Facebook, LinkedIn, YouTube, Instagram, Snapchat, X (formerly known as Twitter), TikTok, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury, and you should identify yourself only by your juror number. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

COURT'S INSTRUCTION 81

**Laptop Use For Jurors**

The exhibits in this case will be available for your review digitally, on a laptop computer. To login to the laptop, press Ctrl+Alt+Del. Next, type in the username and password, which are located on the bottom left screen of the laptop. Once you are logged in, select the file folder on the desktop labeled "22 CR 115 Trial Documents."

For PDF exhibits, select and double click to open.

For audio exhibits, right click to open VLC player (not Windows Media Player). Make sure the volume is adjusted for proper listening. For optimal listening, plug in either the headphones or external speaker into the laptop. If no audio is heard, check that the laptop is not on mute by clicking on the speaker icon, which is located in the bottom right corner of the screen.

COURT'S INSTRUCTION 82

**Verdict Forms**

Verdict forms have been prepared for you. You will take these forms with you to the jury room.

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict forms. Each of you will sign them with your name and juror number.

The verdict forms will be redacted and placed under seal. Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdicts aloud.

COURT'S INSTRUCTION 83

## Unanimity/Disagreement Among Jurors

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to reexamine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.