UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 22-CR-00115 |
| v. ) | |
| ) | Honorable John Robert Blakey |
| MICHAEL J. MADIGAN and ) | |
| MICHAEL F. McCLAIN, ) | |
| ) | |
| Defendants. ) | |

**Defendants' Joint Request for Additional Jury Instruction**

Based on the answer provided to the jury related to "bona fide compensation" on February 7, 2025, Defendants Michael J. Madigan and Michael F. McClain request that the Court provide the following instruction to the jury to ensure the jury understands the government's burden under § 666(c):

> For purposes of evaluating a "thing of value", "valuable thing", or "something of value", the Government must prove beyond a reasonable doubt that the defendant knew the salary at issue was not bona fide wages paid in the usual course of business.

Counsel contacted the Government late last night seeking its position on the Request, but the Government has not responded as of the time of filing. In support of this Request, Defendants state as follows:

**Background**

On February 7, 2025, the jury sent a note that read:

> On page 78 of instructions "thing of value" does not include "bona fide salary, wages, fees, or other compensation paid…"

1

> On page 96 of instructions, is bona fide salary considered "something of value" and on page 88, is bona fide salary considered a "valuable thing"?

Over the parties' objections, the Court answered this note as follows:

> On page 78, "bona fide" salary wages, fees or other compensation paid "in the usual course of business" do not qualify as a "thing of value." But salary, wages, fees or other compensation paid for a job obtained by means of bribery is not a payment "in the usual course of business" and thus it can be considered a "thing of value."
>
> For the references to "valuable thing" on page 88 and "something of value" on page 96, a salary paid for a job obtained by means of bribery can be considered a "valuable thing" or "something of value."
>
> You are the judges of the facts and, consistent with my legal instructions, you must decide the facts based on the evidence at trial.
>
> Each count is to be considered separately, and you have the specific instructions for each count including the required elements and definitions in your packet. Please follow all of my instructions on the law as you continue to deliberate your verdicts.

**Argument**

The first paragraph of the answer to the jury's question modified the Court's final jury instructions and deviated from the Seventh Circuit Pattern Instruction for 18 U.S.C. § 666(c) Bona Fide Compensation. Based on this change, Defendants request that the following instruction be provided to the jury to ensure that the jury understands the government's burden and the appropriate *mens rea*:

> For purposes of evaluating a "thing of value", "valuable thing", or "something of value", the Government must prove beyond a reasonable doubt that the defendant knew the salary at issue was not bona fide wages paid in the usual course of business.

The Court noted in its pretrial order that § 666(c) was an affirmative defense. (Dkt. 213, p. 19.) Thus, to demonstrate that a defendant violated § 666, the government must prove the defendant corruptly solicited, agreed to accept, or

accepted non-bona fide salary, wages, and fees jobs. *See United States v. Ruan*, 597 U.S. at 467 (the scienter of knowingly and intentionally applied to the safe harbor exception, thus the government must prove beyond a reasonable doubt that the defendant knew or intended that his or her conduct was unauthorized—not in comparison to objective medical standards.) In *Ruan v. United States*, the Supreme Court held that when a statute includes a *mens rea*, it modifies not only the words following it, but also the words of the statute that distinguish wrongful from innocent acts. 597 U.S. 450, 458 (2022). *Ruan* analyzed the appropriate scienter for "[e]xcept as authorized" in 21 U.S.C. § 841. The Court examined this provision and other provisions in different criminal statutes, which all had some conduct that they did not criminalize. The Court decided that these exceptions were "critical" for the mental state required for the crime. *Id.* at 461. The Court emphasized that a "strong scienter requirement helps to diminish the risk of 'overdeterrence,' *i.e.*, punishing acceptable and beneficial conduct that lies close to but on the permissible side, of the criminal line." *Id.* at 459.

The requested instruction is necessary to ensure the jury understands the government's burden.[1] Without this additional instruction, there is a reasonable probability the jury will shift the burden to the defense. To address this concern,

---

[1] Defendants maintain their objections to the § 666(c) jury instruction and response to the jury's February 7, 2025, note. Defendants submit this request solely as an effort to address the significant concerns that the jury will shift the government's burden under § 666(c) to the defense based on the current instructions.

Defendants request that the additional instruction be given to the jury when they begin deliberations Monday morning.

Dated: February 10, 2025

By: /s/ *Daniel J. Collins*
Daniel J. Collins, Esq. (ARDC #6224698)
Lari A. Dierks, Esq. (ARDC # 6329610)
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, Illinois 60661
(312) 902-5434
Daniel.Collins@Katten.com
Lari.Dierks@Katten.com

Respectfully submitted,

By: /s/ *Thomas M. Breen*
Thomas M. Breen, Esq. (ARDC #0287547)
Todd S. Pugh, Esq. (ARDC #6243692)
BREEN & PUGH
53 W. Jackson Blvd., Suite 1550
Chicago, Illinois 60604
(312) 360-1001
tbreen@breenpughlaw.com
tpugh@breenpughlaw.com

*Attorneys for Michael J. Madigan*

By: /s/ *Patrick J. Cotter*
Patrick J. Cotter
UB GREENSFELDER, LLP
200 West Madison Street, Suite 3300
Chicago, IL 60606
Telephone: (312) 345-5088
pcotter@ubglaw.com

David P. Niemeier
UB GREENSFELDER, LLP
10 South Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 241-9090
dniemeier@ubglaw.com

By: /s/ *John D. Mitchell*
John D. Mitchell
WILLKIE FARR & GALLAGHER LLP
300 North LaSalle Street, Suite 5000
Chicago, IL 60654
(312) 728-9000
jmitchell2@willkie.com

*Attorneys for Michael McClain*

4